6761

BLACK v. SOUTHERN COTTON OIL CO.

NEGLIGENCE—WANTONNESS.—There is no evidence in this case tending to show that any negligence or wantonness in the use of, or any negligence in the construction of the steam pipes from which plaintiff's mules took fright, ran away and injured him, proximately caused his injury.

Before GAGE, J., Orangeburg, March, 1907. Affirmed.

Action by John S. Black against Southern Cotton Oil Company. From judgment on nonsuit, plaintiff appeals.

*Mr. Jas. F. Izlar,* for appellant, cites: 2 Gra. & Wat. on New Trial, 32-50; 57 S. C., 296; 58 S. C., 222; 55 S. C., 389; 6 L. R. A., 150; 52 S. C., 323; 49 Am. R., 611; 6 Am. & Eng. R. R. Cas., 41; 34 S. C., 211; 41 S. C., 1, 440; 29 S. C., 152.

*Messrs. Raysor & Summers,* contra, cite: 77 S. C., 343.

February 24, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. This appeal is from an order of nonsuit. The suit was for personal injury alleged to have been sustained to plaintiff through the negligence and wantonness of the defendant.

The evidence tended to show that on the 17th day of January, 1906, the plaintiff went on the premises of the defendant with a wagon drawn by two mules, for the purpose of procuring cotton-seed meal from the defendant; that finding the regular entrance to the seed-house blocked by numerous other wagons, there for the purpose of buying cotton-seed meal or exchanging cotton seed therefor, plaintiff went through another gate leading by the ginnery, the steam-exhaust pipe of which had its vent some twenty feet above the ground and projected toward or over the way of the ginnery. The steam, as it escaped through the exhaust pipe, at intervals, made a considerable noise, such as had been customary since the installment of the plant. The plaintiff was aware of the location of the exhaust pipe and he knew his mules were frightened on account of the venting steam, but, nevertheless, went by way of the ginnery expecting to get by the exhaust pipe during the interval when the steam was not escaping As he went by, the mules became more frightened by reason of the noise of the escaping steam, ran away and threw plaintiff out and injured one of his hands. There was no evidence that the machinery was

defective or improperly located nor that it was negligently or
recklessly operated, nor that defendant had any reasonable
ground to believe that plaintiff would on entering the yard
attempt to go near the exhaust pipe.

We agree with the Circuit Court, that there was no evi-
dence whatever that any negligence or wantonness of defend-
ant proximately caused the plaintiff's injury.

The judgment of the Circuit Court is affirmed.